# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

UNPUBLISHED
July 26, 2016

v

No. 323741
Wayne Circuit Court
LC No. 14-001748-FC

JOHNNY RAY KENNEDY,

      Defendant-Appellant.

---

Before: MURRAY, P.J., and STEPHENS and RIORDAN, JJ.

STEPHENS, J. (*dissenting*)

Because I believe that defendant was denied his constitutional right to present a defense by the trial court's denial of his motion to appoint a DNA expert, I respectfully dissent. US Const, Am VI; Const 1963, art 1 § 20.

Before trial, defendant moved for the appointment of Brian Zubel, a recognized expert in the fields of forensic science and DNA litigation, to assist the defense to

> zealously confront the witnesses and evidence called in the prosecution's case in chief, [to] be educated and schooled to no small extent in the science and accepted protocols of DNA extraction, preservation, testing, as well as dangers of contamination and the steps and measures taken to document a particular test, and to maintain the proper calibration of testing equipment.

The court stated that defendant may "talk to [the expert]" and "read up on him," but the court declined to appoint an expert. I believe the trial court erred in denying defendant's motion.

In *Mathews v Eldridge*, the Supreme Court stated that

> due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. [424 US 319, 335; 96 S Ct 893, 903; 47 L Ed 2d 18 (1976)].

-1-

The private interest at stake here is defendant's liberty and his right to present a defense to the charge against him. These interests have been recognized as substantial. "The interest of the individual in the outcome of the State's effort to overcome the presumption of innocence is obvious and weighs heavily[.]" *Ake v Oklahoma*, 470 US 68, 78; 105 S Ct 1087; 84 L Ed 2d 53 (1985).

This defendant could not safely proceed to trial without DNA expertise. See MCL 775.15. The majority's review of defendant's request for an expert faults the defense for not identifying how a DNA expert would have provided "information beneficial to the defense," for not identifying "any specific concerns regarding the DNA evidence," and for failing to "provide any indication that the DNA evidence was flawed." The majority's analysis, while precisely identifying the problem with challenging DNA expert evidence without the assistance of an expert, equally begs the question of why defendant would need an expert. An expert can educate counsel regarding which questions to ask and which theories to pursue. In other words, defendant does not know the inherent concerns with DNA evidence or all the ways in which it may be flawed without an expert to bring those issues to light. In order "[t]o make a reasoned judgment about whether evidence is worth presenting, one must know what it says." *People v Ackley*, 497 Mich 381, 393; 870 NW2d 858 (2015) quoting *Couch v Booker*, 632 F3d 241, 246 (CA 6, 2011). Indeed, in some instances counsel will be found ineffective for failing to investigate and secure expert assistance for the defense. *Ackley*, 497 Mich at 393.

This is a DNA case. Nearly two decades ago DNA evidence was collected from the victim, who was both strangled and sexually assaulted. It was only when that evidence was tested that defendant was charged with murder. The age and size of the DNA sample, its storage process and testing methodology were all likely issues of contention in this case. Trial counsel understood that this DNA evidence was the lynchpin of the prosecutions' case and asked the court for the appointment of Zubel, an eminently qualified expert to assist him in preparing his client's defense. Zubel was a former prosecutor who trained prosecutors on litigating forensic science issues in criminal cases. The trial court however, denied Zubel's appointment. The court seemed to presume that despite the scientific nature of the evidence at issue, counsel could prepare for examination of the prosecutions' witnesses and otherwise prepare an effective litigation strategy, including plea considerations, through reading and solicitation the advice of some mythical expert who would consult for free. To the contrary, this is a case like *Ake* where "[w]ithout a[n] [expert's] assistance, the defendant cannot offer a well-informed expert's opposing view, and thereby loses a significant opportunity to raise in the jurors' minds questions about the State's proof of an aggravating factor." 470 US at 84. At trial, the prosecution presented two forensic experts. Through these experts, the jury learned about DNA, different types of DNA testing, the DNA testing results in this case, and the meaning of the test results as applied to defendant. It was unfair for defense counsel to be expected to thoroughly challenge these experts without, at least the opportunity to consult with an expert of its own.

I am mindful that the government has a legitimate interest in the conservation of public funds. "Financial cost alone is not a controlling weight in determining whether due process requires a particular procedural safeguard prior to some administrative decision. But the Government's interest, and hence that of the public, in conserving scarce fiscal and administrative resources is a factor that must be weighed." *Mathews*, 424 US at 348. "At some point the benefit of an additional safeguard to the individual affected by the administrative action

and to society in terms of increased assurance that the action is just, may be outweighed by the cost." *Id*. Counsel in this case was very conservative in his request for funds to consult with the expert and not to retain him for trial. It would not have been error for the court to grant that request and require that a second request to retain the expert be made when and if counsel had a particularized issue on which testimony was needed. However, the need articulated by counsel was more than sufficient to require appointment of a consulting expert.

/s/ Cynthia Diane Stephens